IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>**REGINALD WAYNE MILLER** | Criminal No: 4:14-cr-409<br><br>**PLEA AGREEMENT** |

**General Provisions**

This PLEA AGREEMENT is made this 29 day of August, 2014, between the United States of America, as represented by United States Attorney WILLIAM N. NETTLES, Acting Assistant Attorney General for the Civil Rights Division of the Department of Justice MOLLY J. MORAN, Assistant United States Attorney Carrie Fisher Sherard, Trial Attorney Saeed A. Mody; the Defendant, **REGINALD WAYNE MILLER**, and Defendant's attorney, Thomas C. Brittain.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1. The Defendant agrees to waive Indictment and arraignment, and plead guilty to an Information charging, fraud in foreign labor contracting, in violation of Title 18, United States Code, § 1351, visa fraud, in violation of Title 18, United States Code, § 1546, and the willful failure to pay minimum wage in violation of Title 29, United States Code, § 216.

-1-

In order to sustain its burden of proof, the Government is required to prove the following:

Counts One and Two - Fraud in Foreign Labor Contracting

a. Defendant did recruit, solicit, or hire a person outside the United States, or caused another person to recruit, solicit, or hire a person outside the United States, or attempted to do so;
b. for purposes of employment in the United States;
c. by means of materially false or fraudulent pretenses, representations or promises regarding that employment; and
d. that the defendant did so knowingly with intent to defraud

The penalty for each of these offenses is:

FINE OF $250,000.00 (18 U.S.C. § 3571)
IMPRISONMENT OF 5 YEARS
SUPERVISED RELEASE OF 3 YEARS
SPECIAL ASSESSMENT $100.00 (18 U.S.C. § 3013)

Counts Three and Four - Visa Fraud

a. Defendant made a false statement in an immigration document;
b. the false statement was made in an application required by the immigration laws or regulations of the United States;
c. that the false statement was subscribed as true under penalty of perjury under 28 U.S.C. § 1746;
d. that the false statement was material to the activities or decisions of the Bureau of Immigration and Customs Enforcement; and
e. that the Defendant did so knowingly

The penalty for each of these offenses is:

FINE OF $250,000.00 (18 U.S.C. § 3571)
IMPRISONMENT OF 15 YEARS
SUPERVISED RELEASE OF 3 YEARS
SPECIAL ASSESSMENT $100.00 (18 U.S.C. § 3013)

Counts Five and Six - Willful Failure to Pay Minimum Wage

a. Defendant did willfully fail to pay the applicable minimum wage to employees; and
   b. Employees were engaged in commerce or employed in an enterprise engaged in commerce covered by the Fair Labor Standards Act

The penalty for each of these offenses is:

FINE OF $10,000.00 (18 U.S.C. § 3571)
IMPRISONMENT OF 6 MONTHS
SUPERVISED RELEASE OF 1 YEAR
SPECIAL ASSESSMENT $25.00 (18 U.S.C. § 3013)

2. The Defendant understands and agrees that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 USC § 3613. The Defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the government from seeking to enforce the judgment against other assets of the defendant at any time, as provided in 18 USC §§ 3612, 3613 and 3664(m).

The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Responsibility Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

A. Special Assessment: Pursuant to 18 U.S.C. §3013, the Defendant must pay a special assessment of $100.00 for each felony count for which he is convicted. This special assessment must be paid at or before the time of the guilty plea hearing.

B. Restitution: The Defendant agrees to make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the Court at the time of sentencing, which amount is not limited to the count(s) to which the Defendant pled guilty, but will include restitution to each and every identifiable victim who may have been harmed by his scheme or pattern of criminal activity, pursuant to 18 U.S.C. § 3663. The Defendant agrees to cooperate fully with the Government in identifying all victims.

C. Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

3. The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with any bond executed in this case. In the event that the Defendant fails to comply with

any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his plea of guilty to the offense(s) enumerated herein.

4. The Defendant understands that the provisions of this Plea Agreement do not bind the U.S. Department of Labor with respect to any investigation or findings related to violations of the Fair Labor Standards Act by the Defendant, Cathedral Bible College, or its affiliates. The Defendant understands that the U.S. Department of Labor may impose fines, penalties, and other monetary obligations against the Defendant, Cathedral Bible College, and/or its affiliates.

## Cooperation and Forfeiture

5. The Defendant agrees to be fully truthful and forthright with federal, state and local law enforcement agencies by providing full, complete and truthful information about all criminal activities about which he has knowledge. The Defendant must provide full, complete and truthful debriefings about these unlawful activities and must fully disclose and provide truthful information to the Government including any books, papers, or documents or any other

items of evidentiary value to the investigation. The Defendant must also testify fully and truthfully before any grand juries and at any trials or other proceedings if called upon to do so by the Government, subject to prosecution for perjury for not testifying truthfully. The failure of the Defendant to be fully truthful and forthright at any stage will, at the sole election of the Government, cause the obligations of the Government within this Agreement to become null and void. Further, it is expressly agreed that if the obligations of the Government within this Agreement become null and void due to the lack of truthfulness on the part of the Defendant, the Defendant understands that:

    a.   the Defendant will not be permitted to withdraw his plea of guilty to the offenses described above;

    b.   all additional charges known to the Government may be filed in the appropriate district;

    c.   the Government will argue for a maximum sentence for the offense to which the Defendant has pleaded guilty; and

    d.   the Government will use any and all information and testimony provided by the Defendant pursuant to this Agreement, or any prior proffer

agreements, in the prosecution of the Defendant of all charges.

6. ~~The Defendant agrees to submit to such polygraph examinations as may be requested by the Government and agrees that any such examinations shall be performed by a polygraph examiner selected by the Government. Defendant further agrees that his refusal to take or his failure to pass any such polygraph examination to the Government's satisfaction will result, at the Government's sole discretion, in the obligations of the Government within the Agreement becoming null and void.~~  RJM TCB

7. The Government agrees that any self-incriminating information provided by the Defendant as a result of the cooperation required by the terms of this Agreement, although available to the Court, will not be used against the Defendant in determining the Defendant's applicable guideline range for sentencing pursuant to the U.S. Sentencing Commission Guidelines. The provisions of this paragraph shall not be applied to restrict any such information:

    a. known to the Government prior to the date of this Agreement;

    b. concerning the existence of prior convictions and sentences;

c.  in a prosecution for perjury or giving a false statement; or

   d.  in the event the Defendant breaches any of the terms of the Plea Agreement.

8. Provided the Defendant cooperates pursuant to the provisions of this Plea Agreement, and that cooperation is deemed by the Government as providing substantial assistance in the investigation or prosecution of another person, the Government agrees to move the Court for a downward departure or reduction of sentence pursuant to United States Sentencing Guidelines §5K1.1, Title 18, United States Code, § 3553(e) or Federal Rule of Criminal Procedure 35(b). Any such motion by the Government is not binding upon the Court, and should the Court deny the motion, the Defendant will have no right to withdraw his plea.

9. The parties agree that for purposes of calculating the advisory sentencing guidelines the following shall apply: For Counts 1 and 2, the cross reference under U.S.S.G. § 2B1.1(c)(3) applies, and the count of conviction should be calculated under U.S.S.G. § 2L2.1. With a base offense level of 11, a 3 level decrease under § 2L2.1(b)(1), and a 2 level decrease pursuant to U.S.S.G. § 3E1.1(a), the total offense level is 6. For Counts 3 and 4, U.S.S.G. § 2L2.1

also applies. With a base offense level of 11, a 3 level decrease under § 2L2.1(b)(1), and a 2 level decrease pursuant to U.S.S.G. § 3E1.1(a), the total offense level is 6. Counts 1 through 4 group together, pursuant to U.S.S.G. § 3D1.2. For Counts 5 and 6, pursuant to 29 U.S.C. § 216(a), there is no term of imprisonment unless a person has been previously convicted under this subsection. These calculations are not binding on the court and should the court reject these calculations, the Defendant will not be permitted to withdraw his guilty plea.

### Merger and Other Provisions

10. The Defendant represents to the court that he has met with his attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his attorney have discussed possible defenses, if any, to the charges in the Information including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel

their attendance at trial by subpoena, the right to confront and cross-examine the government's witnesses, the Defendant's right to testify in his own behalf, or to remain silent and have no adverse inferences drawn from his silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

11. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. (This waiver does not apply to claims of ineffective assistance of counsel or prosecutorial misconduct raised pursuant to 28 U.S.C. § 2255.)

12. The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records

pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

13. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

08/27/14
Date

REGINALD WAYNE MILLER, DEFENDANT

08/28/14
DATE

Thomas C. Brittain
ATTORNEY FOR THE DEFENDANT

WILLIAM N. NETTLES
UNITED STATES ATTORNEY

8/29/14
Date

CARRIE FISHER SHERARD (#10134)
ASSISTANT UNITED STATES ATTORNEY

-11-

MOLLY J. MORAN  
ACTING ASSISTANT ATTORNEY GENERAL

_8/25/14_  
Date

_[signature]_  
SAEED MODY (NY BAR NO. 4368080)  
TRIAL ATTORNEY

# U. S. DEPARTMENT OF JUSTICE
## Statement of Special Assessment Amount

This statement reflects your special assessment only. There may be other penalties imposed at sentencing. <u>This Special Assessment is due and payable at the time of the execution of the plea agreement</u>.

| ACCOUNT INFORMATION ||
|---|---|
| **CRIM. ACTION NO.:** | |
| **DEFENDANT'S NAME:** | REGINALD WAYNE MILLER |
| **PAY THIS AMOUNT:** | $450.00 |
| **PAYMENT DUE ON OR BEFORE:** | (date plea agreement signed) |

**MAKE CHECK OR MONEY ORDER PAYABLE TO:**
*CLERK, U.S. DISTRICT COURT*

PAYMENT SHOULD BE SENT TO:
Clerk, U.S. District Court
Matthew J. Perry, Jr. Courthouse
901 Richland Street
Columbia, SC 29201

OR HAND DELIVERED TO:
**Clerk's Office**
**McMillan Federal Building**
**401 West Evans Street**
**Florence, SC 29501** (Mon. – Fri. 8:30 a.m.– 4:30 p.m.)

*INCLUDE DEFENDANT'S NAME ON CHECK OR MONEY ORDER* *(Do Not send cash)*

*ENCLOSE THIS COUPON TO INSURE PROPER and PROMPT APPLICATION OF PAYMENT*